# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. THOMAS, | Case No. 1:11-cv-01291-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Doc. 26) |
| Defendants. | |

## I. INTRODUCTION

On March 3, 2015, counsel for Plaintiff, Seven G. Rosales, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 26.) Plaintiff John E. Thomas ("Plaintiff") was served with the motion for attorney's fees, but filed no opposition to counsel's request. (Doc. 26, p. 14.) On March 4, 2015, the Court issued a minute order permitting Plaintiff to file any objection to his counsel's motion on or before March 20, 2015. This order was served on Plaintiff. On March 6, 2015, the Commissioner filed a statement taking no position as to the reasonableness of the fee request. For the reasons set forth below, the motion for an award of attorney's fees is GRANTED.

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.) On appeal, the Court ordered that the Administrative Law Judge's opinion be reversed and remanded the case for further proceedings. (Doc. 22.) On April 17, 2013, the parties stipulated to an award of attorney fees and expenses under the Equal Access to Justice Act ("EAJA"). (Doc. 24.) On April 18, 2013, the Court awarded $3,200.00 in attorney's fees and expenses pursuant to 28 U.S.C. § 2412. (Doc. 25.)

On June 9, 2014, the Commissioner issued a notice that a fully favorable decision had been made on Plaintiff's case on remand (Doc. 26-2), and retroactive disability benefits were awarded to Plaintiff (Doc. 26-3). The letter noted that $44,603.50, representing 25 percent of Plaintiff's past-due benefits, was withheld from Plaintiff's award of disability benefits for payment of any applicable attorney fees. (Doc. 26-3.) On March 3, 2015, Mr. Rosales filed a motion for attorney's fees in the amount of $44,603.50, with an offset of $3,200.00 for EAJA fees already awarded. (Doc. 32.) It is counsel's Section 406(b) motion for attorney's fees that is currently pending before the Court.

## III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The

2

Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

//

Here, the fee agreement between Plaintiff and his counsel provides:

"The fee for successful prosecution of this matter is **25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**."

(Doc. 26-1.)  The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits.  Plaintiff's counsel's office expended 40.8 hours of attorney and paralegal time on the case.  (Doc. 26, Rosales Decl., ¶ 5.)  Counsel submitted a detailed billing statement that supports his request.  (Docs. 26-4; 26-5.)  There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff.  There is also no evidence that Mr. Rosales engaged in any dilatory conduct resulting in delay.

Finally, attorney's fees in the amount of $44,603.50 ($41,403.50 net fee after subtracting the previously awarded EAJA fee) represents 25% of the past-due benefits paid to Plaintiff and are not excessively large in relation to the past-due award of $180,866.90.  (*See* Doc. 26-3.)  *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms.  *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)).

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  Plaintiff was

4

awarded $3,200.00 in fees pursuant to the EAJA, and the award of Section 406(b) fees must be offset in that amount.

### IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.

Accordingly, IT IS ORDERED that Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $44,603.50 is GRANTED subject to a $3,200.00 offset for EAJA fees previously awarded.

IT IS SO ORDERED.

Dated:   **April 3, 2015**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE